UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWIN HEAD,

      Petitioner,

v.                             CASE NO. 2:06-CV-12231
                                  HONORABLE PAUL D. BORMAN
TILMAN L. CRUTCHFIELD,    UNITED STATES DISTRICT JUDGE

      et. al.,

      Respondents,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2241, in which petitioner challenges the decision by the U.S. Immigration and Customs Enforcement (ICE) to order his removal to the United Kingdom. Respondent has filed a motion to dismiss, claiming that petitioner's removal to the United Kingdom on May 4, 2006 renders the instant petition moot. For the reasons stated below, the petition for writ of habeas corpus is dismissed.

### II. Discussion

Petitioner claims that he is an American citizen who was being wrongly detained by ICE pending his removal to the United Kingdom. In their motion to dismiss, respondents claim that petitioner's claims are now mooted by his removal or deportation to the United Kingdom.

1

### III.  Discussion

Petitioner's habeas application is subject to dismissal for two reasons.  First, a district court no longer has jurisdiction over any claims that challenge an order of removal issued under the Immigration and Naturalization Act.  The REAL ID Act of 2005 (RIDA), as codified in 8 U.S.C. § 1252(a)(5), indicates that notwithstanding any other provision of law, including 28 U.S.C. § 2241, or any other habeas corpus provision, a petition for review filed with the appropriate federal court of appeals is the sole and exclusive means for review of an order of removal issued under the Immigration and Naturalization Act. *See Tilley v. Chertoff,* 144 Fed. Appx. 536, 538 (6th Cir. 2006); *Elia v. Gonzales,* 431 F. 3d 268, 273, n. 5 (6th Cir. 2005).  Although section 106(c) of RIDA indicates that an alien's habeas petition which was pending before a district court on the date of the Act's enactment should be transferred to the appropriate court of appeals, this section only applies to habeas petitions which were pending before the district court on May 11, 2005, the date of RIDA's enactment. *Chen v. Gonzales,* 435 F. 3d 788, 790 (7th Cir. 2006).  A petition for writ of habeas corpus under § 2241 that is filed after that date which challenges an order of removal, as is the case here, cannot be transferred to the court of appeals, but must be dismissed. *Id.*

Notwithstanding RIDA's provisions, this Court would have jurisdiction to entertain a challenge by petitioner to his detention pending removal. *See Hernandez v. Gonzales,* 424 F. 3d 42, 43 (1st Cir. 2005).  However, petitioner's deportation or removal to the United Kingdom has mooted that portion of his claim.  Article III, § 2 of the United

States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).  "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

In this case, petitioner's claims involving his detention pending removal have been rendered moot by his deportation or removal to the United Kingdom. *See Adelabu v. Gonzales,* 166 Fed. Appx. 275, 276 (9th Cir. 2006); *Enazeh v. Davis,* 107 Fed. Appx. 489, 490-91 (6th Cir. 2004); *Watson v. I.N.S.,* 271 F. Supp. 2d 838, 840 (E.D. Va. 2003).  The instant habeas petition is therefore subject to dismissal.

## IV.  ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2006.

S/Jonie Parker
Case Manager
